UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

══════════════════════════════════

GIUSEPPE D'ALESSANDRO,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    10-CV-927A

            v.

MICHAEL CHERTOFF et al.,

                              Defendants.

══════════════════════════════════

## I.      INTRODUCTION

Pending before the Court are two parallel motions to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  One motion (Dkt. No. 37) comes from a group of defendants (the "Local Defendants") who worked at the Buffalo Federal Detention Facility in Batavia, New York—Brenda Bailey, Darrel Crotter, Earl Delong, Sean Gallagher, Martin Herron, Charles Mule, Kevin Oetinger, and Michael T. Phillips.  The other motion (Dkt. No. 38) comes from a second group of defendants (the "Washington Defendants") who worked either in the United States Attorney General's Office or the Department of Homeland Security in Washington, D.C.—Michael Chertoff, Eric Holder, Jr., Julie L. Meyers, Michael B. Mukasey, Janet Napolitano, and John P. Torres.

Defendants together seek dismissal of the complaint on the grounds that plaintiff may not seek civil damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for an immigration detention that this Court ended with a writ of habeas corpus.  In support of their argument, defendants cite to a decision released recently by the United States Court of Appeals for the Ninth Circuit in which the Ninth Circuit declined "to extend *Bivens* to allow [plaintiffs] to sue federal agents for wrongful detention pending deportation given the extensive remedial procedures available to and invoked by them and the unique foreign policy considerations implicated in the immigration context."  *Mirmehdi v. U.S.*, ___ F.3d ___, 2011 WL 5222884, at *4 (9th Cir. Nov. 3, 2011).  Plaintiffs counters that his claims fall under existing precedent permitting *Bivens* claims for constitutional violations.  Plaintiff argues further that *Mirmehdi* is distinguishable because, *inter alia*, it "repeatedly limits its decision to illegal aliens and for the time while deportation proceedings are occurring. Neither circumstance is applicable to D'Alessandro."  (Dkt. No. 58 at 5.)

The Court held oral argument on September 26, 2011 and permitted the parties to file supplemental briefing to comment on *Mirmehdi*.  For the reasons below, the Court grants the motions to dismiss.

2

II.    **BACKGROUND**

A.    ***Criminal and Habeas Proceedings***

This Court and state courts have discussed plaintiff's underlying criminal and immigration proceedings in extensive detail in prior decisions.  *See, e.g., D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368 (W.D.N.Y. 2009) (Arcara, *C.J.*); *People v. D'Alessandro*, No. 8175-90, 2010 N.Y. Slip Op. 75591 (App. Div. June 29, 2010) (unpublished), *cert. denied*, 909 N.Y.S.2d 28 (N.Y. Sept. 29, 2010) (table case).  The Court here will summarize that information briefly and for background purposes only.

Plaintiff is a native of Italy who became a Legal Permanent Resident of the United States on June 22, 1981.  Plaintiff is married with one son; his wife and son are U.S. citizens and live in Queens, New York with him.  In 1989, plaintiff was a manager of a restaurant owned by his father-in-law.  In a dispute with a restaurant employee over suspicions that the employee stole $3,000 from the restaurant, plaintiff held the employee hostage in the restaurant's basement for more than 24 hours.  Following this incident, plaintiff was indicted in November 1989 for kidnapping in the second degree and related charges.  Plaintiff moved to dismiss the indictment, but the prosecution never submitted the grand jury minutes to the state court as required under state law.  Meanwhile, the prosecution offered plaintiff a guilty plea that involved probation only and no jail time.  With the apparent advice and consent of trial counsel, plaintiff rejected the

plea offer and proceeded to trial.  Before trial—and plaintiff claimed in retribution for turning down the plea offer—the prosecution obtained a superseding indictment charging him with kidnapping in the first degree and related charges. A jury convicted plaintiff on all charges in the superseding indictment on June 25, 1991, subjecting him to a mandatory minimum sentence of 15 years to life on the first-degree kidnapping charge.  Plaintiff failed to overturn the conviction in his appellate proceedings.

Plaintiff's immigration proceedings began while he was in state custody. On February 19, 1998, immigration officials charged plaintiff with being subject to removal because his state conviction was considered an "aggravated felony" under immigration law.  An immigration judge ordered plaintiff removed in November 1998.  As soon as state officials released plaintiff on parole on November 19, 2007, immigration officials placed him in immigration custody.  A number of immigration and state collateral proceedings followed, culminating in an immigration review by the Second Circuit and a decision by the New York Court of Appeals to review plaintiff's conviction.  While these proceedings were unfolding, immigration officials failed to conduct periodic reviews of plaintiff's custody as required by 8 C.F.R. § 241.4 and related regulations.  Plaintiff petitioned this Court for habeas corpus relief under 28 U.S.C. § 2241 in response to the failure to conduct the required reviews.  As explained in *D'Alessandro v. Mukasey*, *supra*, this Court granted the petition and ordered plaintiff released.

As a postscript to this Court's habeas proceedings, plaintiff's collateral proceedings in state court concluded with a June 29, 2010 decision and order by the New York State Supreme Court, Appellate Division vacating plaintiff's conviction for ineffective assistance of appellate counsel. *See generally People v. D'Alessandro*, *supra*. Appellate counsel did not argue that the prosecution's failure to produce grand jury minutes during the original criminal proceedings created a speedy trial problem that warranted dismissal of the superseding indictment.

### B.   *Current Litigation Under* Bivens

Based on this Court's finding that constitutional violations warranted a writ of habeas corpus, plaintiff filed his complaint on November 18, 2010. Plaintiff states explicitly on the first page of his complaint that he is pursuing this litigation under *Bivens*. The complaint recites the Court's findings from the habeas proceeding and then sets forth five causes of action. In the first cause of action, plaintiff accuses defendants of denial of due process in violation of his Fifth Amendment rights. The alleged due process violations resulted from the failure to provide periodic custodial reviews as required by immigration regulations. In the second cause of action, plaintiff accuses defendants of unreasonable seizure in violation of the Fourth Amendment, through a detention that persisted without required custodial reviews. In the third cause of action, plaintiff accuses defendants of deliberate indifference to his liberty interest in violation of the

Eighth Amendment.  This accusation again stems from the failure to conduct required custodial reviews.  In the fourth cause of action, plaintiff accuses defendants of another Eighth Amendment violation by way of deliberate indifference to serious medical needs that required attention beyond what he received while in immigration custody.  In the fifth cause of action, plaintiff accuses defendants of implementing customs and policies that fostered constitutional violations, in violation of his Fourth, Fifth, and Eighth Amendment rights.

In lieu of answering, both the Local Defendants and the Washington Defendants filed motions to dismiss.  All defendants argue that plaintiff has no right of action under *Bivens* to pursue money damages for constitutional violations resulting from a failure to follow immigration regulations.  Defendants note that the United States Supreme Court has acted very cautiously in recognizing implied rights of action under *Bivens*, doing so only three times in 40 years: once for Fourth Amendment search and seizure violations; once for employment discrimination under the Due Process Clause; and once for an Eighth Amendment violation by prison officials.  Each time, the Supreme Court made sure that the scenario lacked "special factors counseling hesitation in the absence of affirmative action by Congress."  *Bivens*, 403 U.S. at 396. Additionally, the Local Defendants argue that defendant Bailey has absolute immunity from suit as a member of the Public Health Service, pursuant to 42

U.S.C. § 233(a), while all of them have qualified immunity for deciding that plaintiff's deportation was reasonably foreseeable.  The Washington Defendants adopt these arguments while adding that this Court lacks personal jurisdiction over them since they had no personal involvement in plaintiff's custody.

Plaintiff counters defendants' arguments in several ways.  Plaintiff argues that he is not seeking an extension of *Bivens* but rather seeks to fit his case under established rulings that *Bivens* covers Fourth, Fifth, and Eighth Amendment violations.  With respect to defendants' "special factors" argument, plaintiff argues that immigration law neither bars pursuit of money damages under *Bivens* nor provides an adequate remedy for the constitutional violations that occurred here.  Plaintiff rejects defendants' argument for qualified immunity by noting that case law does not support a failure to conduct required custodial reviews and that this Court already found that defendants committed constitutional violations.  Finally, plaintiff concedes that defendant Bailey is absolutely immune from suit as a physician with the Public Health Service but requests permission to substitute the United States for her, pursuant to 28 U.S.C. § 2679.

## III.   DISCUSSION

Most of the FRCP 12(b)(6) motions that the Court adjudicates concern causes of action that are theoretically cognizable, with disputes over whether the facts pled make those causes of action facially plausible in that particular case.

7

This case is a little unusual in that it presents the reverse scenario: undisputed facts with an undisputed connection to theories of liability, but a sharp dispute over whether those theories are legally cognizable.  Nonetheless, the basic principles of dismissal for failure to state a claim apply.  "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery."  *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (Arcara, *J.*) (internal quotation marks and citation omitted).

Here, the most important factor in resolving the pending motions is plaintiff's decision to assert five causes of action that would require a connection to *Bivens*.  Although plaintiff alleges Fourth, Fifth, and Eighth Amendment

8

violations, he concedes implicitly that he cannot maintain any of his causes of action unless they can manifest themselves through *Bivens*.  However, "the Supreme Court has warned that the *Bivens* remedy is an extraordinary thing that should rarely if ever be applied in 'new contexts.'"  *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) (citations omitted).  Under the Supreme Court's *Bivens* jurisprudence, only three narrowly defined causes of action can proceed: unlawful search and seizure in the criminal context, under *Bivens* itself; employment discrimination under the Due Process Clause, *see Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and Eighth Amendment violations by prison officials in the context of criminal custody, *see Carlson v. Green*, 446 U.S. 14, 23–24 (1980).  Courts over the years have rejected numerous requests to extend *Bivens* beyond the three categories recognized to date, either because other remedies were available or because courts felt particularly hesitant to extend a judicially created remedy without guidance from Congress.  "Among the rejected contexts are: violations of federal employees' First Amendment rights by their employers; harms suffered incident to military service; denials of Social Security benefits; claims against federal agencies; claims against private corporations operating under federal contracts; and claims of retaliation by federal officials against private landowners."  *Arar*, 585 F.3d at 571–72 (citations omitted).

With *Mirmehdi*, wrongful immigration custody pending removal joins the list of rejected *Bivens* extensions.  This Court does not have to treat *Mirmehdi* as

binding because, while an appellate decision, it does not come from the Second Circuit.  *See Right to Life of Dutchess County, Inc. v. FEC*, 6 F. Supp. 2d 248, 253 (S.D.N.Y. 1998) (citing "the well-settled principle in the federal court system that decisions in one circuit are not binding on district courts in another circuit") (citations omitted); *cf. Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("[U]ntil the Supreme Court speaks, the federal circuit courts are under duties to arrive at their own determinations of the merits of federal questions presented to them.") (citations omitted).  Nonetheless, this Court adopts the reasoning of *Mirmehdi* as persuasive because it fits well established *Bivens* jurisprudence.  As in *Mirmehdi*, plaintiff here complains that immigration officials detained him improperly. Plaintiff alleges, and this Court found in the habeas proceedings, that an unlawful immigration detention occurred because of a failure to follow immigration regulations.  Plaintiff had a remedy, though, for that failure to follow regulations—the habeas proceeding itself, which plaintiff won.  Plaintiff also won at the state level and eliminated the conviction that gave rise to all of his immigration troubles in the first place.  Given that plaintiff successfully ended his immigration custody and given that plaintiff successfully eliminated the whole reason why he would ever be deported, this Court will not craft an additional remedy of money damages that is contemplated nowhere in the immigration statutes and regulations.  Without the ability to fit under *Bivens*, plaintiff's complaint cannot move forward.

10

Since the Court is dismissing the complaint in its entirety for failure to state a claim under *Bivens*, consideration of defendants' other arguments for dismissal is unnecessary.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants both pending motions to dismiss (Dkt. Nos. 37, 38).  The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:December 12, 2011