UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GIUSEPPE D'ALESSANDRO,

                     Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                         10-CV-927-RJA

MICHAEL CHERTOFF, JANET NAPOLITANO,
MICHAEL B. MUKASEY, ERIC HOLDER, JR.,
JULIE L. MEYERS, JOHN P. TORRES,
MICHAEL T. PHILLIPS, MARTIN HERRON,
CHARLES MULE, SEAN GALLAGHER,
EARL DELONG, KEVIN OETINGER,
DARREL CROTTER, and BRENDA BAILEY,

                     Defendants.
_____

## **INTRODUCTION**

On March 27, 2013, this Court granted (Dkt. No. 72) Plaintiff Giuseppe D'Alessandro's motion (Dkt. Nos. 61, 62, 63) for reconsideration of its December 12, 2011, Decision and Order (Dkt. No. 59) that granted Defendants' parallel motions to dismiss (Dkt. Nos. 37, 38) the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). In that same filing, Plaintiff also moves for leave to file an amended complaint under Rule 15(a)(2). Defendants have filed opposition papers (Dkt. No. 66), and the parties subsequently filed various notices of supplemental authority (*see* Dkt. Nos. 65, 67, 69-71, 73, 77, 79). Plaintiff appealed (Dkt. No. 68) the December 12, 2011, Decision and Order but that appeal has been stayed pending a ruling by this Court on Plaintiff's motion. *See* Docket No. 12-576 (2d Cir.).

1

This Court originally granted dismissal of the Complaint in its entirety for failure to state a claim under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), relying primarily on a Ninth Circuit case, *Mirmehdi v. United States*, 662 F.3d 1073 (9th Cir. 2011), and holding relief under *Bivens* is not available in the context of "wrongful immigration custody pending removal." As such, the Court deemed "consideration of defendants' other arguments for dismissal [as] unnecessary."

Upon due consideration, and for the following reasons, the Court: (1) reaffirms its prior determination that Plaintiff's *Bivens* actions are subject to dismissal; and (2) concludes that since the FTCA claims raised in the above-captioned lawsuit are duplicative to those in Plaintiff's still-pending 2013 lawsuit, the FTCA claims raised in this lawsuit are—in order to avoid duplicative litigation—dismissed, without prejudice. *Curtis v Citibank, N.A.*, 226 F3d 133, 138 (2d Cir 2000); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Accordingly, Plaintiff's motion for reconsideration and leave to amend the complaint is denied, and the complaint filed under 10-CV-927-A is dismissed without prejudice.

## **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff's underlying criminal and immigration proceedings, as well as his unlawful civil detention that led to this Court granting Plaintiff's petition for habeas corpus relief under 28 U.S.C. § 2241, have been comprehensively addressed in prior decisions, and the Court sees no need to readdress them here. *See*, *e.g.*, *D'Alessandro v. Chertoff et al.*, 10-CV-927A, 2011 WL 6148756, 2011 U.S. Dist.

LEXIS 142421, *4-7 (W.D.N.Y. Dec. 12, 2011); *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368 (W.D.N.Y. 2009); *People v. D'Alessandro*, No. 8175-90, 2010 N.Y. Slip. Op. 75591 (App. Div. 1st Dep't June 29, 2010) (unpublished), *lv. denied* 909 N.Y.S.2d 28 (Table) (N.Y. Sept. 29, 2010).

Plaintiff brought the instant lawsuit pursuant to *Bivens* (Dkt. No. 1, pp. 1-2) and against essentially two sets of defendants: those who worked at the Buffalo Federal Detention Facility in Batavia, New York, *i.e.*, Brenda Bailey, Darrel Crotter, Earl Delong, Sean Gallagher, Martin Herron, Charles Mule, Kevin Oetinger, and Michael T. Phillips; and those who worked for either the Department of Justice or the Department of Homeland Security in Washington, D.C., *i.e.*, Michael Chertoff, Eric Holder, Jr., Julie L. Meyers, Michael B. Mukasey, Janet Napolitano, and John P. Torres.  Plaintiff also instituted a 2013 federal lawsuit ("the 2013 action") against the same defendants as those in the instant suit but including the United States of America as a defendant and bringing the action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. (*see* 13-CV-416, Dkt. No. 1).

Both the instant lawsuit and the 2013 action arise from Plaintiff's wrongful detention at the Buffalo Federal Detention Facility from November 19, 2007, to April

2, 2009, with this case asserting violations of Plaintiff's rights under the United States Constitution,[1] and the 2013 action asserting tort claims under the FTCA.[2]

On June 18, 2019, Judge Michael A. Telesca, to whom both cases were reassigned for a period, issued a Decision and Order in the 2013 action (13-CV-416, Dkt. No. 67) that dismissed with prejudice all individual defendants, with the sole remaining defendant being the United States of America. Within that Decision and Order, Judge Telesca summarized at length the procedural history of the case at bar, including the parties' positions on the issues currently before the Court (*see* 13-CV-416, Dkt. No. 67, pp. 2-10). Again, for sake of efficiency, the Court sees no need to duplicate those efforts, and will refer to them only as necessary to explain its reasoning herein.

## DISCUSSION

Plaintiff moves for reconsideration of the Court's Decision and Order pursuant to Rule 59(e).

---

[1] The five causes of action in the Complaint are: (1) denial of due process under the Fifth Amendment; (2) unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment, through a detention that persisted without required custodial reviews; (3) deliberate indifference to Plaintiff's liberty interest in violation of the Eighth Amendment, stemming from failure to conduct the required custodial reviews; (4) deliberate indifference to Plaintiff's serious medical needs and denial of medical care that required attention beyond what he received in immigration custody in violation of the Eighth Amendment; and (5) implementing customs and policies in violation of his Fourth, Fifth, and Eighth Amendment rights.

[2] The five causes of action in the 2013 action are: (1) negligent continued imprisonment and detention; (2) failure to provide proper medical treatment; (3) false imprisonment; (4) intentional infliction of emotional distress; and (5) abuse of process.

"Under Fed. R. Civ. P. 59(e), a court may grant reconsideration where the party moving for reconsideration demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Wiltshire v. Williams*, 10 Civ. 6947, 2012 WL 899383, 2012 U.S. Dist. LEXIS 36119, *5 (S.D.N.Y. Mar. 15, 2012).  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple . . .." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).  Rather, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *United States v. Bright*, 22-1644-cr, 2023 WL 3830783, 2023 U.S. App. LEXIS 13985, *5-6 (2d Cir. June 6, 2023) (internal quotation marks and citation omitted).  "Even if a court grants a motion for reconsideration, it can reaffirm on other grounds the conclusion reached in its previous opinion."  *Wiltshire*, 2012 U.S. Dist. LEXIS 36119, at *8.

      Plaintiff's primary argument is that this Court, in rendering its decision, "overlooked" several of Plaintiff's arguments raised in response to Defendants' motion to dismiss, as well as "supporting, controlling case law" that required denial of Defendants' motion.  Plaintiff argues that Second Circuit case law runs contrary to *Mirmehdi*, and *Mirmehdi* is nevertheless distinguishable and unpersuasive as its holding was limited to circumstances inapplicable here.

5

This Court considered and rejected these arguments, which were presented by Plaintiff at oral argument on the motions to dismiss and in written submissions, including supplemental, Court-ordered briefing with respect to *Mirmehdi*. See CM/ECF Minute Entry, 09/26/2011; Dkt. No. 57.  Because the Court did not find Plaintiff's arguments persuasive, it did not discuss each argument at length in its decision.  Moreover, the Court concludes that the supplemental authority relied upon by Plaintiff does not alter its original decision to dismiss the Complaint for failure to state a claim under *Bivens*.

Next, Plaintiff argues the Court's decision overlooked Plaintiff's request to automatically substitute the United States as a party defendant in place of Defendant Brenda Bailey and convert those claims to ones against the United States under the FTCA pursuant to the Westfall Act's certification and compulsory substitution provision, 28 U.S.C. § 2679(d)(1), as triggered by Defendants' Certification of Scope of Employment (Dkt. No. 37-13) submitted to the Court as part of Defendants' motion to dismiss.  Plaintiff argues that while the Court's decision makes mention of this argument, it was not substantively addressed, and "[t]his argument is significant, because regardless of the availability of a *Bivens* claim, the case should continue against the United States as the substituted party for Bailey under the FTCA."  Dkt. No. 62, p. 4.  In the alternative, Plaintiff requests leave to serve an amended complaint to include additional causes of action against the United States under the FTCA "based on the same conduct alleged in the original Complaint"—asserting this alternative theory of recovery and not adding any new factual allegations.  Plaintiff argues the original Complaint alleged negligence on part

6

of Defendants "but did not specifically include the alternative theory for recovery under the FTCA."

"Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Beh v. Community Care Companions*, 19-CV-1417-JLS-HBS, 2021 U.S. Dist. LEXIS 197316, *2-3 (W.D.N.Y. Feb. 1, 2021) (internal quotation marks and citation omitted).  As discussed at length by Judge Telesca (*see* 13-CV-416, Dkt. No. 67, pp. 14-24), as in the instant action, "courts have construed complaints specifically asserting *Bivens* claims as raising FTCA claims even though the FTCA was not mentioned by the plaintiffs" (collecting cases); *see*, *e.g.*, *McQueen v. United States*, 9:19-CV-0998 (TJM/CFH), 2019 WL 4221545, 2019 U.S. Dist. LEXIS 151149, *5 (N.D.N.Y. Sept. 5, 2019) ("Construing the Complaint liberally, the negligence claim will be considered filed under the FTCA…").  Like Judge Telesca, this Court concludes the United States was substituted by statute for Dr. Bailey upon the filing of Defendants' Certification, and the Complaint contains facts necessary to assert a cause of action under the FTCA for alleged negligence in rendering medical care to Plaintiff.

Even so, the Court would dismiss those claims under the FTCA as duplicative of those remaining in the 2013 action.  "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank, N.A.*, 226 F.3d at 138; *see Colorado River Water Conservation Dist.*, 424 U.S. at 817 ("As between federal district courts . . . the general principle is to avoid duplicative litigation.").  Again, the 2013 action

7

asserting FTCA claims has continued against the United States as the sole defendant, and thus the two actions would be duplicative.

In the same vein, the Court denies Plaintiff's motion for leave to amend. Because Defendants do not consent to Plaintiff amending his Complaint, Plaintiff may do so "only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). And although the Rule states that "[t]he court should freely give leave when justice so requires," it is well-established that "[d]enial of a motion to amend is . . . permitted when the requested amendment is futile"—in other words, "[l]eave to amend may be denied as futile when any newly asserted claims would not withstand a motion to dismiss." *Gordon v. Niagara Wheatfield Cent. Sch. Dist.*, 1:22-CV-00172 JLS(MJR), 2023 WL 6520216, 2023 U.S. Dist. LEXIS 147735, *2 (W.D.N.Y. Aug. 21, 2023). Here, Plaintiff states, "[t]he FAC (First Amended Complaint) asserts claims under the FTCA for negligence and false imprisonment based on the individual Defendants['] tortious actions, *done with in the scope of their employment for the United States*, that caused [Plaintiff] to wrongly and negligently detained, and to endure improper conditions of confinement and medical care."). Dkt. No. 62, pp. 21-22; *see Cichocki v. United States*, 21-CV-1034S, 2022 WL 3030151, 2022 U.S. Dist. LEXIS 136230, *4 (W.D.N.Y. Aug. 1, 2022) ("FTCA claims asserted directly against federal employees for conduct taken within the scope of their employment cannot survive.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration and leave to amend the complaint is denied, and the complaint filed under 10-CV-927-A is dismissed without prejudice.

**IT IS SO ORDERED.**

> *s/Richard J. Arcara*_____
> HONORABLE RICHARD J. ARCARA
> UNITED STATES DISTRICT COURT

Dated:   December 21, 2023
         Buffalo, New York